# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

CESAR MARTINEZ
c/o 519 H Street NW
Washington, DC 20001
(Baltimore County)

ESTEFANI MARTINEZ
c/o 519 H Street NW
Washington, DC 20001
(Baltimore County)

    Plaintiffs,

v.

BWI URBAN BAR-B-QUE, LLC
d/b/a URBAN BAR-B-QUE
1997 Annapolis Exchange Parkway
Annapolis, MD 21401
(Anne Arundel County)

AIRPORT BBQ, INC.
d/b/a URBAN BAR-B-QUE
7050 Friendship Road, Suite C-205
Baltimore, MD 21240
(Anne Arundel County)

GHAYAN ALI GORAYA
4715 Columbia Hills Court
Ellicott City, MD 21043
(Howard County)

MARTIN THOMAS GORMAN
10984 Esteban Drive
Fort Myers, FL 33912

JONATHAN LEE CARRION
515 Caspian Drive
Grasonville, MD 21638
(Queen Anne's County)

    Defendants.

Civil Action No. _____

**COMPLAINT**

## COMPLAINT

1. Plaintiffs worked at Defendants' restaurant as kitchen laborers. Throughout Plaintiffs' employment, Defendants did not pay Plaintiffs overtime wages. Furthermore, Defendants did not pay Plaintiffs their accrued paid leave upon termination.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

### Parties

5. Plaintiff Cesar Martinez resides in Baltimore County, Maryland.

6. Plaintiff Estefani Martinez resides in Baltimore County, Maryland.

7. Defendant BWI Urban Bar-B-Que, LLC is a Maryland limited liability company. It did business as Urban Bar-B-Que, a restaurant located at 802 Pinnacle Drive, Suite 100, Linthicum Heights, MD 21090. Its principal place of business is registered as 1997 Annapolis Exchange Parkway, Annapolis, MD 21401. Its resident agent for service of process is James P. Nolan, Esq., 125 West Street, 4th Floor, Annapolis, MD 21401.

8. Defendant Airport BBQ, Inc. is a Maryland corporation. It does business as Urban Bar-B-Que, a restaurant located at 802 Pinnacle Drive, Suite 100, Linthicum Heights, MD 21090. Its principal place of business is registered as 7050 Friendship Road, Suite C-205, Baltimore, MD 21240. Its resident agent for service of process is Ghayan Ali Goraya, 4715 Columbia Hills Court, Suite C-205, Baltimore, MD 21043.

9. Defendant Ghayan Ali Goraya resides in Howard County, Maryland. He resides at 4715 Columbia Hills Court, Ellicott City, MD 21043. He is an owner and officer of Defendant Airport BBQ, Inc. He exercises control over the operations of Airport BBQ, Inc. — including its pay practices.

10. Defendant Martin Thomas Gorman resides in Florida. He resides at 10984 Esteban Drive Fort Myers, FL 33912. He is an owner and officer of Defendant BWI Urban Bar-B-Que, LLC, and Airport BBQ, Inc. He exercises control over the operations of BWI Urban Bar-B-Que, LLC, and Airport BBQ, Inc. — including their pay practices.

11. Defendant Jonathan Lee Carrion resides in Queen Anne's County, Maryland. He resides at 515 Caspian Drive, Grasonville, MD 21638. He was an owner and officer of Defendant BWI Urban Bar-B-Que, LLC. He exercises control over the operations of BWI Urban Bar-B-Que, LLC — including its pay practices.

**Factual Allegations Regarding Defendants' Sale of Assets**

12. Upon information and belief, on approximately May 2018, Defendant Airport BBQ, Inc. purchased the Urban Bar-B-Que restaurant located at 802 Pinnacle Drive from Defendant BWI Urban Bar-B-Que, LLC.

13. Defendant Airport BBQ, Inc. continued to operate the same restaurant as Defendant BWI Urban Bar-B-Que, LLC.

14.     Defendant Airport BBQ, Inc. continued to operate the same restaurant brand as Defendant Urban Bar-B-Que, LLC: "Urban Bar-B-Que."

15.     Defendant Airport BBQ, Inc. used the same physical location, equipment, and fixtures previously used by Defendant BWI Urban Bar-B-Que, LLC.

16.     Defendant Airport BBQ, Inc. continued to employ the same staff as Defendant BWI Urban Bar-B-Que, LLC.

17.     Defendants Ghayan Ali Goraya and Martin Thomas Gorman, as owners of Airport BBQ, Inc., were aware that Defendant Urban Bar-B-Que, LLC had not paid Plaintiffs overtime wages prior to the transfer of assets.

18.     Defendants Airport BBQ, Inc., Ghayan Ali Goraya, and Martin Thomas Gorman continued the same pay practices that Defendant Urban Bar-B-Que, LLC's had employed to deny Plaintiffs overtime wages.

19.     Upon information and belief, Defendant Urban Bar-B-Que, LLC is no longer solvent.

## Factual Allegations Regarding Plaintiffs

20.     Plaintiff Cesar Martinez worked at Urban Bar-B-Que from approximately November 2015 through approximately December 6, 2019.

21.     Plaintiff Estefani Martinez worked at Urban Bar-B-Que from approximately May 23, 2015 through approximately December 6, 2019. Plaintiff Estefani Martinez took maternity leave from approximately August 24, 2018 through approximately November 5, 2018.

22.     Plaintiffs worked at Urban Bar-B-Que as kitchen laborers.

23.     Plaintiffs job duties at Urban Bar-B-Que primarily consisted of taking food orders, preparing, cooking, packing and delivering food, washing dishes, and cleaning the restaurant.

24.     Plaintiff Cesar Martinez typically and customarily worked six days per week.

25. Prior to approximately May 14, 2018, Plaintiff Cesar Martinez typically and customarily worked sixty-nine and a half hours per week.

26. Starting on approximately May 14, 2018, Plaintiff Cesar Martinez typically and customarily worked seventy-five and a half hours per week.

27. Prior to her August–November maternity leave, Plaintiff Estefani Martinez worked six days per week.

28. Prior to her August–November maternity leave, Plaintiff Estefani Martinez worked approximately forty-two hours per week.

29. When she returned from maternity leave, Plaintiff Estefani Martinez worked approximately thirty hours per week.

30. At all relevant times, Defendants paid Plaintiff Cesar Martinez a biweekly salary of $1,800.00

31. Prior to August 24, 2018, Defendants paid Plaintiff Estefani Martinez a biweekly salary of approximately $1,269.23.

32. Starting on approximately November 5, 2018, Plaintiff Estefani Martinez was paid $15.00 per hour.

33. At all relevant times, Defendants paid Plaintiffs by check.

34. Plaintiffs worked more than forty hours per workweek for Defendants.

35. Defendants paid Plaintiffs the same effective hourly rate across all hours worked.

36. Defendants did not pay Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek.

37. Furthermore, Defendants did not pay each Plaintiff for one week of paid vacation time.

38. Defendants offered full-time employees one week of paid vacation. The paid vacation accrued annually, at the onset of each calendar year. If the employee stopped working for Defendants, Defendants typically and customarily paid that employee for any unused vacation.

39. Prior to her maternity leave, Defendants provided Plaintiff Estefani Martinez with an annual week of paid vacation. Plaintiff Estefani Martinez asked to take her paid vacation at the start of her maternity leave, but Defendants never paid her for the vacation. Defendants owe Plaintiff Estefani Martinez wages equivalent to one week of unpaid vacation leave.

40. Defendants provided Plaintiff Cesar Martinez with an annual week of paid vacation. Defendants terminated Plaintiff Cesar Martinez off on approximately December 6, 2019. Though Defendants promised to pay him for his unused vacation. Defendants never did so. Defendants owe Plaintiff Cesar Martinez wages equivalent to one week of unpaid vacation leave.

41. For Plaintiff Cesar Martinez's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $33,000.00 in regular and overtime wages (excluding liquidated damages).

42. For Plaintiff Estefani Martinez's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $2,000.00 in overtime wages (excluding liquidated damages).

43. Defendants Ghayan Ali Goraya and Martin Thomas Gorman have hired, or have participated in the decision to hire employees, at Urban Bar-B-Que.

44. Defendants Ghayan Ali Goraya and Martin Thomas Gorman have fired, or have participated in the decision to fire employees, at Urban Bar-B-Que.

45. Defendant Ghayan Ali Goraya personally fired, or played a part in firing, Plaintiffs.

46. Defendant Ghayan Ali Goraya set, or played a part in setting, Plaintiffs' work schedule.

47.     Defendants Ghayan Ali Goraya and Martin Thomas Gorman set Plaintiffs' pay rate.

48.     Defendants Ghayan Ali Goraya, Martin Thomas Gorman, or Jonathan Lee Carrion signed Plaintiffs' paychecks.

49.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

50.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

51.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

52.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

53.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

54.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

55.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

56.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

57.     At all relevant times, Defendants had employees who handled food products, such as chicken, pork, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

58.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

59.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

60. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

61. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of forty hours in any one workweek.

62. Defendants' violations of the FLSA were willful.

63. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

64. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

65. Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

66. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

67. Defendants violated the MWHL by knowingly failing to pay one or more Plaintiffs one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of forty hours in any one workweek.

68. Defendants' violations of the MWHL were willful.

69.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid regular and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

70.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

71.     Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

72.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

73.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

74.     The "wages" required to be timely paid by the MWPCL include both overtime wages and accrued paid leave. Md. Code, Lab. & Empl. Art. §§ 3-501(c)(2), 3-505. *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

75.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including overtime wages and accrued paid leave.

76.     Defendants' violations of the MWPCL were willful.

77.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$110,510.00** and grant the following relief:

a. Award Plaintiffs $105,000.00, consisting of the following overlapping elements:

　　i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

　　ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

　　iii. three times the amount of overtime wages and accrued paid leave, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs reasonable attorney's fees and expenses (currently, $5,110.00);

d. Award Plaintiffs court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

f.

Date: January 14, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Justin Zelikovitz
　　　　　　　　　　　　　　　　　　　　　　JUSTIN ZELIKOVITZ, #17567
　　　　　　　　　　　　　　　　　　　　　　DCWAGELAW
　　　　　　　　　　　　　　　　　　　　　　519 H Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 803-6083
　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 683-6102
　　　　　　　　　　　　　　　　　　　　　　justin@dcwagelaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*